JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DAVID MILLER

## DEFENDANTS

PV IMPORTS, INC. d/b/a PIAZZA HONDA OF PHILADELPHIA AND PIAZZA AUTO GROUP

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Fernando I. Rivera, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102  Ph: 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | [ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[x] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | [ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | [ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 621, et seq; 42 U.S.C. § 12101, et seq.; 43 P.S. § 951, et seq.; and Phila. Code § 9-1101, et seq.

Brief description of cause:
Plaintiff was discriminated and retaliated against based on age, disability and accommodation, in violation of federal, state and local law.

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
In excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE  10/12/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Woodbury, NJ 08096 _____

Address of Defendant: _____ 6935 Essington Ave Philadelphia, PA 19153 _____

Place of Accident, Incident or Transaction: _____ Philadelphia, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐  No ☑

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐  No ☑

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐  No ☑

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/12/2021 _____ _____ 319009
  *Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.  *Federal Question Cases:***

- ☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2.  FELA
- ☐ 3.  Jones Act-Personal Injury
- ☐ 4.  Antitrust
- ☐ 5.  Patent
- ☐ 6.  Labor-Management Relations
- ☑ 7.  Civil Rights
- ☐ 8.  Habeas Corpus
- ☐ 9.  Securities Act(s) Cases
- ☐ 10.  Social Security Review Cases
- ☐ 11.  All other Federal Question Cases
  *(Please specify):* _____

**B.  *Diversity Jurisdiction Cases:***

- ☐ 1.  Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☐ 5.  Motor Vehicle Personal Injury
- ☐ 6.  Other Personal Injury *(Please specify):* _____
- ☐ 7.  Products Liability
- ☐ 8.  Products Liability – Asbestos
- ☐ 9.  All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Fernando I. Rivera _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☑ Relief other than monetary damages is sought.

DATE: 10/12/2021 _____ _____ 319009
  *Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

| | | |
|---|---|---|
| DAVID MILLER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PV IMPORTS, INC. d/b/a PIAZZA HONDA OF | : | |
| PHILADELPHIA, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                 ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                             ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( X )


| | | |
|---|---|---|
| 10/12/2021 | | Plaintiff, David Miller |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-689-4137 | rivera@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID MILLER**<br>Woodbury, NJ 08096<br><br><div align="center">Plaintiff,</div><br><div align="center">v.</div><br>**PV IMPORTS, INC. d/b/a PIAZZA<br>HONDA OF PHILADELPHIA**<br>6935 Essington Avenue<br>Philadelphia, PA 19153<br><br><div align="center">and,</div><br>**PIAZZA AUTO GROUP**<br>6935 Essington Avenue<br>Philadelphia, PA 19153<br><br><div align="center">Defendants.</div> | **CIVIL ACTION NO.**<br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### I.     INTRODUCTION

Plaintiff, David Miller ("Plaintiff"), brings this action against Defendants, PV Imports, Inc. d/b/a Piazza Honda of Philadelphia, and Piazza Auto Group (collectively, "Defendants"), for unlawful age and disability discrimination and retaliation in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"), the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO"). Plaintiff also asserts a claim of retaliation against Defendant in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"). Plaintiff seeks damages, including economic loss, compensatory, liquidated

damages, punitive damages, attorneys' fees and costs, and all other relief that this Court deems appropriate.

II.    **PARTIES**

1.    Plaintiff is an individual and a citizen of New Jersey.

2.    Plaintiff was 65 years of age at the time of his termination from Defendants.

3.    At all times material hereto, Plaintiff had a qualifying disability under the ADA, the PHRA, and the PFPO, in that he suffered from Aero Coccus Urinae (a rare bacterial infection), which substantially limited one (1) or more of his major life activities, and/or had a record of impairment, and/or was regarded as having such impairment.

4.    Defendant, PV Imports, Inc. d/b/a Piazza Honda of Philadelphia, is a corporation, organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located in Philadelphia, PA.

5.    Defendant, Piazza Auto Group, is a corporation, organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located in Philadelphia, PA.

6.    At all times material hereto, Defendants engaged in an industry affecting interstate commerce that regularly does business in the Commonwealth of Pennsylvania and with entities and individuals in the Commonwealth of Pennsylvania and in the City of Philadelphia. Defendants also employ residents of the Commonwealth of Pennsylvania and the City of Philadelphia.

7.    At all times material hereto, Plaintiff was employed by Defendants to work in Philadelphia, PA.

8.      At all times material hereto, Defendants employed 4 or more individuals in the Commonwealth of Pennsylvania.

9.      At all times material hereto, Defendants employed more than fifty (50) individuals within a seventy-five (75) mile radius of Plaintiff's primary reporting location.

10.     Plaintiff was employed for at least twelve hundred and fifty (1,250) hours of service during his last twelve (12) months period of employment and at the time he last went on an FMLA leave.

11.     At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

12.     At all times material hereto, Defendant acted as an "Employer" within the meaning of the statutes that form the basis of this matter.

13.     At all times material hereto, Plaintiff was an "Employee" of Defendant within the meaning of the statutes that form the basis of this matter.

## III.   <u>JURISDICTION AND VENUE</u>

14.     The causes of action that form the basis of this matter arise under the ADEA, the ADA, the PHRA, the PFPO, and the FMLA.

15.     The District Court has jurisdiction over Count I (ADEA) pursuant to 28 U.S.C. § 1331.

16.     The District Court has jurisdiction over Count II (ADA) pursuant to 28 U.S.C. § 1331.

17.     The District Court has jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. § 1367.

18.     The District Court has jurisdiction over Count IV (PFPO) pursuant to 28 U.S.C. § 1367.

19.     The District Court has jurisdiction over Count V (FMLA) pursuant to 28 U.S.C. § 1331.

20.     The District Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), in that the Plaintiff and Defendants are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

21.     Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred within this District.

22.     On or about November 17, 2020, Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC") and Equal Employment Opportunity Commission ("EEOC") complaining of the acts of discrimination and retaliation alleged herein ("Charge of Discrimination"). Attached hereto, incorporated herein, and marked as Exhibit A is a true and correct copy of Plaintiff's Charge of Discrimination (with personal identifying information redacted).

23.     On July 16, 2021, the EEOC issued Plaintiff a Notice of Right to Sue regarding his Charge. Attached hereto, incorporated herein, and marked as Exhibit B is a true and correct copy of this notice.

24.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    FACTUAL ALLEGATIONS

25.     Plaintiff was hired by Defendants as a Used Car Manager on or about January 15, 2018.

26.     Plaintiff consistently performed his job duties in a highly competent manner and received positive feedback.

27.     As a Used Car Manager, Plaintiff reported directly to Ross Polinow ("Polinow") (60),[1] General Manager; Polinow reported to Tony Piazza ("Piazza") (47), Owner and Director of Operations.

28.     Upon information and belief, at all relevant times, Plaintiff was the only employee with a disability reporting to Polinow.

29.     Upon information and belief, at all relevant times, Plaintiff was the only employee reporting to Polinow that took a medical leave of absence as an accommodation for a disability.

30.     On April 26, 2019, Plaintiff was rushed to the hospital with a high fever and tremors.

31.     Throughout May 2019, Plaintiff repeatedly had fevers and ongoing pain, of which Defendants were aware.

32.     In or about June of 2019, Plaintiff was hospitalized for approximately 1 week, wherein he was diagnosed with a rare bacterial infection.

33.     Plaintiff remained out of work for approximately 7 days, on a medical leave of absence for his medical condition, before he was cleared by his doctor to return to work on or about June 8, 2019.

34.     After Plaintiff returned to work, he informed Polinow of his diagnosis, who responded by asking if Plaintiff was contagious.

35.     As a result of Plaintiff's disability and/or medical leave of absence in June of 2021, Defendants docked his monthly bonus by approximately $2,000.

---

[1] All ages contained herein are approximated based on Plaintiff's personal knowledge or belief.

36.     In or about July of 2019, due to his disability, Plaintiff was hospitalized, and transferred to the intensive care unit, where he was admitted for approximately 1 week.

37.     After an 8-day medical leave of absence for his disability, Plaintiff was cleared to return to work on or about July 29, 2019.

38.     On August 22, 2019, Plaintiff was rushed to the hospital due to his disability.

39.     From August 22, 2019, to October 14, 2019, Plaintiff was out of work on an approved FMLA leave of absence for his disability.

40.     As a result of Plaintiff's disability and/or medical leave of absence in August of 2021, Defendants docked his monthly bonus by approximately $4,000.

41.     On September 9, 2019, Plaintiff underwent open heart surgery related to his disability.

42.     On October 14, 2019, Plaintiff returned to work from his medical leave of absence.

43.     On March 20, 2020, Defendants placed Plaintiff on "furlough" in connection with the COVID-19 pandemic.

44.     In or around April of 2020, Defendants brought back its sales employees, except for Plaintiff (65), Joanna Cuda ("Cuda") (65), Warranty Administrator, Al Meloni ("Meloni"), Sales Representative, (74), and Joe Lewis ("Lewis") (71), Sales Representative.

45.     Prior to Meloni's termination, Polinow and Vince Iulianetti ("Iulianetti") (50), General Sales Manager, made comments regarding Meloni's age and potential retirement, including, but not limited to, suggesting to Meloni that he should retire and stating to Plaintiff that Meloni is "getting old."

46.     In or around April of 2020, Chris Meditz ("Meditz") (45), Assistant Used Car Manager, who was Plaintiff's subordinate employee, returned to work and assumed all of Plaintiff's duties and responsibilities.

47.     On May 26, 2020, on a phone call with Polinow and Chris Carson ("Carson"), Controller, Defendants terminated Plaintiff's employment, effective immediately.

48.     Defendants' stated reason for Plaintiff's termination was that "business was slow."

49.     Defendants' stated reason for terminating Plaintiff was pretext for disability and/or age discrimination, and/or retaliation for requesting a reasonable accommodation in the form of a medical leave of absence.

50.     Upon information and belief, Defendants also permanently laid-off Cuda, Meloni, and Lewis.

51.     Defendants did not offer Plaintiff a downgraded position or a position with reduced pay or any opportunity to remain employed before terminating his employment.

52.     In or around August of 2020, Plaintiff inquired about an open Used Car Manager position at Piazza Hyundai of West Chester, PA, though Neal Monroe ("Monroe") (68), Used Car Director; Plaintiff never heard back from Defendants regarding the open position.

53.     Plaintiff was more qualified and experienced to perform his job duties than the nondisabled and significantly younger employee who had not sought reasonable accommodations for a disability or taken leave under the FMLA to whom Defendants assigned his job duties.

54.     Before Plaintiff informed Defendants of his disability, he had no indication that his job was in jeopardy.

55.     Before Plaintiff went out of work on a medical leave of absence related to his disability, he had no indication that his job was in jeopardy.

56.     At all times material hereto, Plaintiff was qualified to perform the essential functions of his job with or without reasonable accommodations.

57.     Defendants retained nondisabled employees and/or employees who had not requested reasonable accommodations in positions for which Plaintiff was more qualified.

58.     Plaintiff's disability (including history of and regarded as) was a motivating and/or determinative factor in Defendants' discriminatory treatment of Plaintiff, including, but not limited to, the hostile work environment to which he was subjected, and his termination.

59.     Plaintiff's request for a reasonable medical accommodation related to his disability was a motivating and/or determinative factor in Defendants' retaliatory treatment of Plaintiff, including, but not limited to, his termination.

60.     Plaintiff's age was a motivating and/or determinative factor in Defendants' discriminatory treatment of Plaintiff, including, but not limited to, the hostile work environment to which he was subjected, and his termination.

61.     The discriminatory conduct of Defendants, as alleged herein, was severe and/or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

62.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of

self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

63.     Defendants retaliated against Plaintiff's right to take FMLA leave.

64.     Plaintiff's taking of leave under the FMLA was a motivating and/or determinative factor in Defendants' retaliatory treatment of Plaintiff, including, but not limited to, his termination.

65.     Defendants acted with malice and/or reckless indifference to Plaintiff's protected rights and warrants the imposition of punitive damages.

66.     The conduct of Defendants, as set forth above, was willful under the circumstances and warrants the imposition of liquidated damages.

67.     No previous application has been made for the relief requested herein.

## COUNT I
## (VIOLATION OF THE ADEA)

68.     Plaintiff incorporates herein by reference the paragraphs set forth above as if set forth herein in their entirety.

69.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants violated the ADEA.

70.     Said violations were intentional and with malice and/or reckless indifference to Plaintiff's rights and warrant the imposition of liquidated damages.

71.     As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

72.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

73.     No previous application has been made for the relief requested herein.

## COUNT II
## (VIOLATION OF THE ADA)

74.     Plaintiff incorporates herein by reference the paragraphs set forth above as if set forth herein in their entirety.

75.     By committing the foregoing acts of discrimination and retaliation, Defendants have violated the ADA.

76.     Defendants acted willfully and intentionally, and with malice and/or reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

77.     As a direct and proximate result of Defendants' violation of the ADA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

78.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

79.     No previous application has been made for the relief requested herein.

## COUNT III
## (VIOLATION OF THE PHRA)

80.     Plaintiff incorporates herein by reference the paragraphs set forth above as if set forth herein in their entirety.

81.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants violated the PHRA.

82.     As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

83.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

84.     No previous application has been made for the relief requested herein.

**COUNT IV**
**(VIOLATION OF THE PFPO)**

85.     Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

86.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the PFPO.

87.     Defendants acted willfully and intentionally, and with malice and/or reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

88.     As a direct and proximate result of Defendants' violation of the PFPO, Plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

89.     Plaintiff is now suffering and will continue to suffer the irreparable injury and monetary damages as a result of Defendants' discriminatory and unlawful acts unless and until this Court grants the relief requested herein.

90.     No previous application has been made for the relief requested herein.

## COUNT V
## (VIOLATION OF THE FMLA)

91.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

92.     By committing the foregoing acts of retaliation against Plaintiff, Defendants violated the FMLA.

93.     As a result of Defendants' retaliation against Plaintiff for exercising his right to take leave, Defendants denied Plaintiff her rights under the FMLA.

94.     Said violations were not in good faith, and Defendants did not have reasonable grounds to believe that the foregoing acts were not in violation of the FMLA, thereby warranting the imposition of liquidated damages.

95.     As a direct and proximate result of Defendants' violation of the FMLA, Plaintiff has suffered the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

96.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' violations of the FMLA unless and until this Court grants the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' unlawful conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

    a.     declaring the acts and practices complained of herein to be a violation of the ADEA, the ADA, the PHRA, the PFPO, and the FMLA;

    b.     enjoining and restraining permanently the violations alleged herein;

c.      entering judgment against Defendants and in favor of Plaintiff in an amount to be determined;

d.      awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

e.      awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

f.      awarding liquidated damages under the ADEA and the FMLA;

g.      awarding punitive damages to Plaintiff under the ADA and the PFPO;

h.      awarding Plaintiff such other damages as are appropriate under the ADEA, the ADA, the PHRA the PFPO, and the FMLA;

i.      awarding Plaintiff the costs and reasonable attorneys' fees;

j.      granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

Respectfully submitted,

**CONSOLE MATTIACCI LAW, LLC**

By:     */s/ Fernando I. Rivera*
        FERNANDO I. RIVERA, ESQ.
        1525 Locust Street
        Philadelphia, PA 19102
        rivera@consolelaw.com (email)
        (215) 545-7676 (office)
        (856) 545-8211 (fax)

Dated: 10/12/2021                              *Attorneys for Plaintiff*

13

# Exhibit A

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## **COMPLAINT**

_____
                                                    :
COMPLAINANT:                           :
                                                    :
**DAVID MILLER**                       :                    Docket No.
                                                    :
v.                                                  :
                                                    :
RESPONDENTS:                          :
                                                    :
**PIAZZA HONDA OF PHILADELPHIA**  :
                                                    :
and                                              :
                                                    :
**PV IMPORTS, INC.**                  :
                                                    :
and                                              :
                                                    :
**PIAZZA AUTO GROUP**              :
_____:

1.  The Complainant herein is:

    Name:        David Miller

    Address:     128 Pennsbury Lane
                 Woodbury, NJ 08096

2.  The Respondents herein are:

    Names:       Piazza Honda of Philadelphia; PV Imports, Inc.; Piazza Auto Group

    Address:     6935 Essington Avenue
                 Philadelphia, PA

3.  I, David Miller, the Complainant herein, allege that I was subjected to unlawful

discrimination because of my disability (including history of and regarded as), and unlawful

retaliation because I sought reasonable accommodations for my disability, as set forth below.

1

**Discrimination and Retaliation**

**A.  I specifically allege:**

[1]        I began working at Respondents on or about January 15, 2018.

[2]        My birth date is September 26, 1954.

[3]        I consistently performed my job duties in a highly competent manner, and received positive feedback.

[4]        I last held the position of Used Car Manager.

[5]        I last reported to Ross Polinow, General Manager.  Polinow reported to Tony Piazza, Owner and Director of Operations.

[6]        I was the only disabled[1] employee reporting to Polinow.

[7]        I was the only employee reporting to Polinow that took a medical leave of absence as an accommodation for a disability.[2]

[8]        On April 26, 2019, I was rushed to the hospital with a high fever and tremors.

[9]        Throughout May 2019, I repeatedly had fevers and ongoing pain, of which Respondents were aware.

[10]        In or about June 2019, I was hospitalized for approximately one (1) week. I was diagnosed with a rare bacterial infection.

[11]        I remained out of work for approximately seven (7) days, on a medical leave of absence for my medical condition, before I was cleared by my doctor to return to work.

[12]        After I returned to work, and I informed Polinow of my diagnosis, he asked if I was contagious.

---

[1] References herein to an employee having or not having a disability are to the best of my knowledge.
[2] References herein to an employee having or not having sought reasonable accommodations for a disability are to the best of my knowledge.

[13]     In or about July 2019, I was hospitalized, and transferred to the intensive care unit, for approximately one (1) week.  When I informed Polinow of the same, he told me to let him know when I could return to work.

[14]     I remained out of work for approximately eight (8) days, on a medical leave of absence for my medical condition, before I was cleared by my doctor to return to work.

[15]     On August 22, 2019, I was rushed to the hospital with a high fever.

[16]     From August 22, 2019 to October 14, 2019, I was out of work on an FMLA leave of absence for my medical condition.

[17]     On September 9, 2019, I underwent open heart surgery.

[18]     On October 14, 2019, I returned to work from my medical leave of absence.

[19]     On March 20, 2020, Respondents placed me on "furlough" in connection with COVID-19.

[20]     On May 26, 2020, on a phone call with Polinow, Respondents terminated my employment, effective immediately.  The stated reason was that business was slow.

[21]     Respondents terminated my employment because of my disability and/or my seeking reasonable accommodations for my disability.

[22]     Respondents provided me with no explanation, including the selection criteria, as to why I was terminated and nondisabled employees who had not sought reasonable accommodations for a disability were retained.

[23]     Respondents retained nondisabled employees and/or employees who had not requested reasonable accommodations in positions for which I was more qualified.

[24]     Respondents assigned my job duties to Chris Meditz, Assistant Used Car Manager.  I was more qualified and experienced to perform my job duties than the nondisabled employee who had not sought reasonable accommodations for a disability, and who had been reporting to me, to whom Respondents assigned my job duties.

[25]     I had no disciplinary or performance issues throughout my employment.

[26]     Respondents did not offer me a downgraded position or a position with reduced pay or any opportunity to remain employed before terminating my employment.

[27]     I was provided with no opportunity to remain employed with Respondents.

[28]     Before I informed Respondents of my medical condition, I had no indication that my job was in jeopardy.

[29]     Before I went out to work on a medical leave of absence, I had no indication that my job was in jeopardy.

[30]     Respondents terminated my employment because of my disability and/or my seeking reasonable accommodations for my disability.

[31]     Respondents' disability discriminatory and retaliatory conduct toward me has caused me emotional distress.

[32]     Respondents' comments and conduct evidence a bias against employees who are disabled and/or seek reasonable accommodations for a disability.

**B.**  Based on the aforementioned, I allege that Respondents have discriminated against me because of my disability (including history of and regarded as), and retaliated against me for seeking reasonable accommodations for my disability in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Pennsylvania Human

4

Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

    4.    The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

     **X**        **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s): (a); (d)**

    ____        Section 5.1 Subsection(s) _____

    ____        Section 5.2 Subsection(s) _____

    ____        Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

    5.    Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

     **X**        **This charge will be referred to the EEOC for the purpose of dual filing.**

    6.    The Complainant seeks that Respondents be required to:

    (a) Make the Complainant whole.

    (b) Eliminate all unlawful discriminatory and retaliatory practice(s) and procedure(s).

    (c) Remedy the discriminatory and retaliatory effect of past practice(s) and procedure(s).

    (d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

    (e) Provide such further relief as the Commission deems necessary and appropriate.

## **VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

11/17/20
(Date Signed)

(Signature)     David Miller
128 Pennsbury Lane
Woodbury, NJ 08096

# Exhibit B

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  **David Miller**
**128 Pennsbury Lane**
**Woodbury, NJ 08096**

From:  **Philadelphia District Office**
**801 Market Street**
**Suite 1000**
**Philadelphia, PA 19107**

☐  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17F-2021-60870** | **Damon A. Johnson,**<br>**State, Local & Tribal Program Manager** | **(267) 589-9722** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐  The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☒  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Dana R Hutter*

**Dana R. Hutter,**
**Deputy Director**

July 16, 2021

*(Date Issued)*

Enclosures(s)

cc:

**For Respondent:**

**Susan Smith Lloyd, Esquire**
**Hendrzak & Lloyd**
**Via email: susan.lloyd@zurichna.com**

**For Charging Party:**

**Emily R. Derstine Friesen, Esq.**
**Console Mattiacci Law, LLC**
**Via email: DerstineFriesen@consolelaw.com**